UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. JESTER,<br>    Plaintiff,<br>    v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br>    Defendant. | Case No. 17-cv-00045-KAW (PR)<br><br>**ORDER SERVING COGNIZABLE ADA CLAIM; DISMISSING ONE CLAIM WITH LEAVE TO AMEND** |

Plaintiff Daniel G. Jester, a state prisoner at San Quentin State Prison, filed this *pro se* action alleging the violation of his rights by the California Department of Corrections and Kamala Harris, former California Attorney General. On May 8, 2017, this Court issued an Order of Dismissal with Leave to Amend in which it concluded that Plaintiff was attempting to state a claim under the Americans with Disabilities Act ("ADA"), dismissed the claims against the named defendants because the institution is the correct defendant for an ADA claim and noted the deficiencies in the complaint for Plaintiff to correct if he filed an amended complaint.

On May 31, 2017, Plaintiff filed an amended complaint alleging an ADA claim against San Quentin State Prison. Therefore, the Clerk is ordered to change the caption of the complaint on the docket of this case by terminating the original two defendants and listing San Quentin State Prison as the defendant. The Court now reviews the amended complaint.

**DISCUSSION**

**I. Preliminary Review of Complaint**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and

1  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be
2  granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.
3  § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police*
4  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**II. Plaintiff's Allegations**

The amended complaint contains the following relevant allegations:

Plaintiff has been diagnosed with multiple sclerosis, organic brain injury, neurocognitive impairments, memory recall lapses, depression, vision disturbances and other medical disabilities. Since 1992, Plaintiff has been a verified ADA patient. Plaintiff is excluded from participating in the "digital media legal law library research and education" program on the basis of his disabilities. He has requested accommodations of a laptop or tablet with DVD or flashdrive capabilities, a document scanner or printer, software and accessories. Plaintiff also alleges that his inability to access legal documents has prevented him from filing litigation.

These allegations, liberally construes, appear to give rise to a cognizable ADA claim against San Quentin. The allegations, even liberally construed, however, do not give rise to a cognizable claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996) (To establish a claim for denial of access to the courts, prisoner must prove an inadequacy in the prison's legal access program that caused him an actual injury; to prove an actual injury, prisoner must show the inadequacy in prison's program hindered his efforts to pursue a non-

frivolous claim concerning his conviction or conditions of confinement). Plaintiff does not allege an actual injury, within the meaning of *Lewis v. Casey*. Therefore, this claim is dismissed. Plaintiff may file a second amended complaint to remedy this deficiency, if he truthfully can do so.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. Any claim based on denial of access to the courts is dismissed with leave to amend. If Plaintiff wishes to file an amended complaint, it must be filed within twenty-eight (28) days of the date this Order is filed and must include the caption and civil case number used in this Order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. However, Plaintiff need not include the law and regulations supporting his claim; all that is required in a complaint are factual allegations that show how the defendant violated Plaintiff's rights. Failure to amend within the specified time period will result in the dismissal with prejudice of the claim for denial of access to the court claim.

2. The allegations, liberally construed, appear to give rise to a cognizable ADA claim against San Quentin State Prison.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint (docket no. 18) and all attachments thereto, a copy of this Order, and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Ronald Davis, in his official capacity as Warden, San Quentin State Prison.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him

3

to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

5. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due.

6. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

4

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, copies of documents authenticated by sworn declaration or discovery. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No

5

hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>three</u> days prior to the deadline sought to be extended.

11. The Clerk shall change the caption of this complaint to indicate that the defendant is San Quentin State Prison.

IT IS SO ORDERED.

Dated: October 6, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge